UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAVID EDMAN,<br><br>           Plaintiff,<br><br>   v.<br><br>KINDRED NURSING CENTERS WEST LLC,<br><br>           Defendant. | CASE NO. C14-1280 MJP<br><br>ORDER DENYING PLAINTIFF'S MOTION TO REMAND |

      THIS MATTER comes before the Court on Plaintiff's Motion to Remand. (Dkt. No. 7.) Having considered the Parties' briefing and all related papers, the Court DENIES the motion.

**Background**

      Plaintiff Edman filed suit in King County Superior Court against his employer, Kindred Nursing Centers, seeking compensation for two months of allegedly unlawful forced unpaid leave. (Dkt. No. 7 at 2.) Plaintiff alleged wrongful withholding of wages, disability discrimination, failure to accommodate, and retaliation, and sought back pay for unpaid wages,

ORDER DENYING PLAINTIFF'S MOTION TO
REMAND- 1

1  double damages, non-economic damages, prejudgment interest, attorney's fees, and costs.  (Id.)

2  Plaintiff's King County complaint does not quantify any damages.  (Dkt. No. 1-2 at 1-6.)

3  **Discussion**

4    I.  Legal Standard

5    "A defendant may remove an action to federal court based on federal question

6  jurisdiction or diversity jurisdiction.  28 U.S.C. § 1441.  However, [i]t is to be presumed that a

7  cause lies outside [the] limited jurisdiction [of the federal courts] and the burden of establishing

8  the contrary rests upon the party asserting jurisdiction. The strong presumption against removal

9  jurisdiction means that the defendant always has the burden of establishing that removal is

10  proper, and that the court resolves all ambiguity in favor of remand to state court."  Hunter v.

11  Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009) (internal quotation marks and citations

12  omitted).

13    The procedure for removal is set out in 28 U.S.C. § 1446, which provides two thirty-day

14  windows during which a case may be removed—during the first thirty days after the defendant

15  receives the initial pleading or during the first thirty days after the defendant receives a paper

16  "from which it may first be ascertained that the case is one which is or has become removable" if

17  "the case stated by the initial pleading is not removable."  28 U.S.C. § 1446(b).

18    The thirty day time period for removal starts to run from defendant's receipt of the initial

19  pleading only when that pleading affirmatively reveals on its face the facts necessary for federal

20  court jurisdiction.  Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 690-91 (9th Cir. 2005).

21  "[T]he first thirty-day requirement is triggered by defendant's receipt of an "initial pleading" that

22  reveals a basis for removal. If no ground for removal is evident in that pleading, the case is "not

23  removable" at that stage. In such case, the notice of removal may be filed within thirty days after

24

the defendant receives "an amended pleading, motion, order or other paper" from which it can be ascertained from the face of the document that removal is proper." Id. at 694. Defendants do not have a specific duty to further investigate whether or not a case is removable. Id.

II.  Amount in Controversy

Plaintiff seeks remand, arguing it is reasonably ascertainable, from the face of the complaint, that Plaintiff is seeking damages which exceed $75,000 because of the facts alleged and the relief requested. (Dkt. No. 7 at 3-4.) Because the amount can be reasonably ascertained from the complaint, Plaintiff argues, Defendant's removal more than thirty days after service was untimely. (Id.)

Defendant argues that the amount in controversy is not clear from the face of the complaint, and the thirty-day time period for removal only began to run when Defendant learned through discovery what the amount in controversy is. (Dkt. No. 8 at 4-7.) Defendant argues the complaint is silent on the amount of damages, and based on the relief requested, appeared to contemplate only $10,000 to $20,000 in damages, far less than $75,000. (Id.) Defendant contends that because the complaint is indeterminate on amount in controversy and defendants have no independent duty to investigate removability, its removal 25 days after discovering the amount should be considered timely. (Id.)

The Court finds that the case stated by the original complaint was not removable because it did not "affirmatively reveal[] on its face the facts necessary for federal court jurisdiction." Harris, 425 F.3d at 690-91. The complaint does not quantify the damages sought. (Dkt. No. 1-2 at 1-6.) Plaintiff was on forced leave without pay for slightly over two months, which Defendant estimated would result in around $10,000 in wage damages, and which Plaintiff later quantified as $10,495.32. (Dkt. No. 8 at 2-3.) Doubling wage damages, and including a reasonable amount

1 | for attorney's fees and costs, still leads to an amount far less than $75,000.  Defendant had no
2 | way to determine from the face of the complaint how much Plaintiff would seek in non-
3 | economic damages, was not under a duty to further investigate that question, and could
4 | reasonably have concluded that Plaintiff would seek less than $75,000 in order to avoid federal
5 | jurisdiction.  Defendant could not reasonably have been expected to ascertain that Plaintiff
6 | sought more than $75,000 from the facts affirmatively revealed on the face of the initial
7 | complaint.

## Conclusion

The amount in controversy was not affirmatively revealed on the face of the complaint, and Defendant made prompt efforts to determine the amount through early discovery.  Defendant removed the case within thirty days of receiving a paper indicating that the amount was sufficient to invoke federal jurisdiction, as required by 28 U.S.C. § 1446 and <u>Harris</u>, 425 F.3d 689.  Accordingly, the Court DENIES Plaintiff's motion to remand.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 18th day of November, 2014.

*[signature]*

Marsha J. Pechman
Chief United States District Judge